IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NANOPHASE TECHNOLOGIES CORPORATION, a Delaware corporation, | ) ) ) ) ) ) ) ) ) ) ) | JUDGE RONALD GUZMAN<br>MAGISTRATE JUDGE KEYS<br><br>Case No.<br><br>**02C 4340** |
| Plaintiff, | | |
| v. | | |
| CELOX LTD., a company incorporated in England, | | |
| Defendant. | | |

**DOCKETED**
JUN 1 8 2002

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Celox Ltd. ("Celox") gives notice of removal of the above-captioned action to the United States District Court for the Northern District of Illinois from the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois. In support of its Notice of Removal, Celox states as follows:

1. On or about February 13, 2002, an action was commenced by Plaintiff Nanophase Technologies Corporation ("Nanophase") against Celox in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, Case No. 2002 L 000170, and is now pending in that Court. A copy of the Complaint in that action is attached hereto as Exhibit A.

2. Celox first received notice of that action on May 20, 2002, when a copy of the summons and complaint was received at the offices of its accountants in England.

3. Fewer than 30 days elapsed before this action was removed to this Court.

4. Celox has not filed any pleadings in the state court action.

5. Celox is removing this action pursuant to 28 U.S.C. § 1441, on the grounds that the state court action is a civil action over which this Court has original jurisdiction, pursuant to 28 U.S.C. §1332, because the dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Plaintiff is incorporated under the laws of the State of Delaware and maintains a principal place of business in Romeoville, Illinois.

7. Defendant is a corporation incorporated in England with its principal place of business in Poole, England, United Kingdom.

8. The Complaint seeks damages in excess of $400,000.

9. Defendant respectfully reserves all affirmative defenses, including, without limitation, all defenses specified in Federal Rule of Civil Procedure 12(b).

10. Notice of Removal was timely filed with this Court, pursuant to 28 U.S.C. § 1446(b), because it was filed within 30 days from the date on which Celox first received notice of the Complaint.

11. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois.

WHEREFORE, defendant Celox Ltd. requests that this action be removed from the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, to the United States District Court for the Northern District of Illinois.

DATED:  June 18, 2002

Respectfully submitted.

_____
One of the attorneys for defendant,
Celox Ltd.

L. Andrew Brehm (03124074)
James L. Komie (06198089)
Steven P. Pherson (6225843)
Schuyler, Roche & Zwirner, P.C.
One Prudential Plaza
130 East Randolph Street, Suite 3800
Chicago, Illinois 60601
Tel: (312) 565-2400
Fax: (312) 565-8300
268023

## CERTIFICATE OF SERVICE

I, Steven P. Pherson, hereby certify that the foregoing Notice of Removal of defendant Celox Ltd. was served via HAND DELIVERY, on this 18th day of June 2002 on the following:

> David L. Weinstein
> Samuel S. Cohen
> Wildman, Herrold, Allen & Dixon
> 225 West Wacker Drive
> Suite 3000
> Chicago, Illinois 60606
> Attorneys for Plaintiff

_____

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DuPAGE COUNTY, ILLINOIS

| | | |
|---|---|---|
| NANOPHASE TECHNOLOGIES CORPORATION, a Delaware Corporation, | ) ) ) ) | 2002L000170 |
| Plaintiff, | ) ) ) | Status Date: 05/13/02 Mgmt Date: 08/01/02 |
| v. | ) ) | Assigned To: 2016 |
| CELOX LTD., a company incorporated in England, | ) ) ) ) | |
| Defendants. | ) | |

FILED
Feb 13 2002 - 15:05 PM

CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS

## COMPLAINT

Plaintiff, Nanophase Technologies Corporation ("Nanophase"), by its counsel, Wildman, Harrold, Allen & Dixon, complains of defendant, Celox Ltd. ("Celox" or "Defendant"), as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff Nanophase is a Delaware corporation, with its primary place of business at 1319 Marquette Drive, Romeoville, Illinois, that is in the business of developing, manufacturing and selling nanocrystalline materials, including NanoTek® Cerium Dioxide (the "Product"), for commercial use.

2. Defendant Celox is a corporation organized under the laws of England, with its primary place of business in England, that is in the business of developing and selling catalytic fuel additives.

3. Defendant Celox solicited Nanophase in DuPage County to have a business relationship with the Defendant, either as a commercial supplier of the Product or as a participant in a joint venture along with another English corporation. Negotiations were conducted in both the United States and England; the purchase order contract at issue in this case was negotiated

**EXHIBIT A**

and executed in DuPage County, Illinois; and, Nanophase's performance of the purchase order contract has taken place in DuPage County, Illinois.

## Facts

4. In the summer of 2000, Nanophase and Defendant were introduced to one another and began discussing a prospective business relationship through which they might mutually profit from the commercial use of the Product as a catalytic additive to diesel fuel. The discussions included reciprocal visits, telephone calls and other communications by both Nanophase and Celox to the United States and England.

5. On October 6, 2000, Nanophase received a purchase order for 50 kilograms of the Product from Celox. Concurrently, Celox told Nanophase that Celox would use the material purchased under the October 6 purchase order to test the effectiveness of the Product for use as a catalytic additive to diesel fuel, as contrasted with cerium dioxide comprised of larger sized particles ("Conventional Ceria").

6. Nanophase was subsequently informed by Celox that the Product offered significant improvement over the use of Conventional Ceria and that Celox planned to form a joint venture (the "Envirox Project") to commercialize catalytic fuel additive technology using the Product.

7. On November 11, 2000, representatives of Defendant and Nanophase met at Nanophase's production facilities in Burr Ridge, Illinois, to discuss the joint venture proposed by Celox, and Nanophase's potential relationship to Defendant's joint venture.

8. In December 2000, Celox invited Nanophase to participate in the proposed Envirox Project as a co-joint venturer. Nanophase informed Defendant that it would not participate as a co-joint venturer in Defendant's Envirox Project.

9. Defendant Celox then asked Nanophase to consider a relationship under which Nanophase would provide the exclusive supply of the Product to Defendant's joint venture. Nanophase agreed to consider the possibility of such a business relationship with Defendant.

10. On January 3 and 4, 2001, the parties met in London, England to discuss Defendant's joint venture and Nanophase's possible supply and licensing of the Product for Defendant's use as a catalytic fuel additive.

11. The parties continued negotiations with respect to a possible supply and licensing agreement between Nanophase and Defendant's joint venture. Pursuant to those negotiations, Nanophase tendered a draft supply and license agreement to Celox for its review.

12. The initial proposal for Nanophase's licensing of the Product to Defendant included a $2 million license fee which Celox requested to be modified so that license fees could be amortized via Celox's purchases of Product and Product manufacturing equipment from Nanophase.

13. Celox repeatedly represented to Nanophase that corporate formation of its Envirox joint venture was imminent and that substantial funding by the World Bank would be available immediately upon the formal incorporation of the joint venture.

14. On March 6 and 7, 2001, the parties again met in London, England. At the meeting, they orally agreed on the terms to be included in a subsequent written license agreement between Nanophase and Defendant's joint venture.

15. On March 21, 2001, Celox prepared, signed and issued its Purchase Order Contract No. 435 (the "Contract") to Nanophase for Celox's purchase of 1,500 kilograms of the Product at a price of $265 per kilogram. (A true copy of the Contract is attached hereto as Exhibit A).

16. The Contract provided that the entire order would be manufactured by Nanophase by March 30, 2001, and held by Nanophase pending receipt of shipping instructions from Celox, FOB Nanophase's facilities in Illinois. (Exh. A).

17. Shortly after Celox issued the Contract, Defendant and Nanophase agreed to modify the Contract by: (a) changing the date by which Celox was required to advise Nanophase as to shipping instructions from December 31, 2001 to July 15, 2001; and (b) changing the payment terms from 90 days to 60 days after Nanophase issued its invoice.

18. These modifications to the Contract were made and initialed by Celox in England on March 26, 2001. (Exh. A).

19. Nanophase subsequently accepted the Contract, as modified, in Burr Ridge, Illinois.

20. The Contract provided that it was assignable by Celox to its joint venture, the Envirox Project, at the time of Nanophase's invoicing. (Exh. A).

21. Officers and agents of Celox assured Nanophase on numerous occasions during February, March and April of 2001 and thereafter, including but not limited to May 23, 2001, May 24, 2001, June 19, 2001 and August 21, 2001, that formation and funding of Celox's joint venture would be imminently accomplished.

## COUNT 1

### Breach of Contract By Celox

22. Plaintiff Nanophase incorporates by reference the allegations in paragraphs 1-21 of its Complaint.

23. Nanophase completed its manufacture of 1,512 kilograms of the Product, and packaged it in 25 kilogram drums, by March 30, 2001, and has held the same at its own facilities since manufacture, pursuant to the Contract.

24. Nanophase designated the 1,512 kilograms of the Product manufactured and packaged in 25 kilogram drums for Celox, pursuant to the Contract, as lot CEM10324-01, thereby identifying the goods to the Contract pursuant to 810 ILCS 5/2-704.

25. Nanophase provided Celox with a typical 1 kilogram sample of the Product, otherwise being held for Celox, for quality control and testing purposes, pursuant to the Contract.

26. Nanophase also provided Celox with a Certificate of Analysis for lot CEM10324-01, Shiva Technologies independent analysis of lot CEM10324-01, and Nanophase Issued Specification #018B for the Product, all pursuant to Nanophase's standard business practices.

27. Nanophase has met all its obligations under the Contract.

28. The Contract establishes payment terms to be 60 days after Nanophase's invoice dated March 31, 2001, or by May 31, 2001. (Exh. A).

29. On or about March 31, 2001, Nanophase invoiced Celox for the purchase price of $400,680, which is the extended price of 1,512 kilograms of the Product at $265 per kilogram, pursuant to the Contract. (A true copy of Nanophase's invoice is attached hereto as Exhibit B).

30. Since issuing the invoice, Nanophase has made numerous demands to Celox for payment of the amount due and owing under the Contract for the Product manufactured, packaged and being held by Nanophase.

31. As of the date of the filing of this Complaint, Celox has not paid Nanophase any portion of the invoiced amount.

32. Celox's failure to pay any portion of the invoiced amount has been unjustified and constitutes an unreasonable and vexatious delay.

33. The Contract was amended on March 26, 2001, to change the date on which Celox was required to advise Nanophase as to shipping instructions from December 31, 2001 to not later than July 15, 2001.

34. On June 19, 2001, an authorized representative of Celox informed of Nanophase that Celox would give Nanophase instructions for shipping lot CEM10324-01 on or before July 15, 2001 to an unidentified warehouse in North America.

35. As of the date of the filing of this Complaint, Celox has not provided Nanophase with any instructions for the shipment or other disposition of lot CEM10324-01.

36. Celox has met none of its obligations under the Contract.

37. Lot CEM10324-01 was manufactured to the specifications of and specifically for Celox and no ready market exists for the resale of these goods. Therefore, any attempt by Nanophase to resell lot CEM10324-01 at a reasonable price would be unavailing.

38. As a proximate result of the foregoing, Nanophase has been injured in the amount of $400,680 in actual damages under the Contract.

39. The damages incurred by Nanophase are a liquidated sum easily ascertainable by computation.

40. Nanophase is entitled to the contract price of $400,680 as a remedy for Celox's failure to pay the price as it became due, pursuant to 810 ILCS 5/2-709, and for pre-judgment interest at the annual percentage rate of five percent (5%) from May 31, 2001, pursuant to 815 ILCS 205/2.

WHEREFORE, plaintiff Nanophase Technologies Corporation respectfully requests this Court to enter judgment against defendant Celox, Ltd. in the amount of $400,680 in compensatory damages incurred by plaintiff as a result of Celox's breach of the Contract, plus costs and pre-judgment interest at the annual rate of 5% from May 31, 2001, when payment was due.

## COUNT 2

### Breach of Contract By Defendant Celox As An Organizer Of The Joint Venture (In The Alternative)

41. Nanophase restates the allegations in paragraphs 1-21, 23-26 and 28 of the Complaint.

42. The Contract was executed by defendant Celox on behalf of itself and as an agent of the Envirox Project, the joint venture that Celox represented to Nanophase that Celox subsequently would form.

43. The subsequent modifications to the Contract were approved and initialed by defendant Celox on behalf of itself and as agent of the Envirox Project.

44. On information and belief, as of the date of the filing of this Complaint, Celox has not caused the formation of its joint venture, the Envirox Project, to occur.

45. On information and belief, Defendant's putative joint venture, the Envirox Project, never has been adequately capitalized.

46. On information and belief, Defendant's putative joint venture, the Envirox Project, has not been constituted as a legal entity, corporate forms have not been observed in the putative operation of the Envirox Project, and the joint venture has been used as an alter ego of Celox.

7

47. To any extent that defendant Celox's obligations and liabilities under the Contract are deemed to be the obligations and liabilities of its joint venture, Celox remains jointly and severally liable for the breach of those obligations as the agent and putative incorporation of the putative joint venture.

48. On or about March 31, 2001, Nanophase invoiced Celox, as the agent of its joint venture, for the purchase price of $400,680, which is the extended price of 1,512 kilograms of the Product at $265 per kilogram, pursuant to the Contract. (Exh. B).

49. Since issuing the invoice, Nanophase has made numerous demands to Celox, as agent of its putative joint venture, for payment of the amount due and owing for the Product manufactured, packaged and being held by Nanophase under the Contract.

50. As of the date of the filing of this Complaint, neither the putative joint venture nor Celox have paid Nanophase any portion of the invoiced amount.

51. Celox's failure to pay the invoiced amount has been unjustified and constitutes an unreasonable and vexatious delay.

52. The Contract was amended on March 26, 2001, to change the date on which the putative joint venture, or Celox on its behalf, was required to advise Nanophase as to shipping instructions from December 31, 2001 to not later than July 15, 2001.

53. On June 19, 2001, an authorized representative of Celox and the putative joint venture's agent informed Nanophase that Celox, as the agent of its own joint venture, would inform Nanophase of instructions for shipping lot CEM10324-01 on or before July 15, 2001 to an unidentified warehouse in North America.

54. As of the date of the filing of this Complaint neither nor any other putative agent of its putative joint venture has provided Nanophase with any instructions for the shipment or other disposition of lot CEM10324-01.

55. Celox has met none of its obligations under the Contract.

56. Nanophase has met all its obligations under the Contract.

57. Lot CEM10324-01 was manufactured to the specifications of and specifically for defendants and no ready market exists for the resale of these goods. Therefore, any attempt by Nanophase to resell lot CEM10324-01 at a reasonable price would be unavailing.

58. As a proximate result of the foregoing, Nanophase has been injured in the amount of $400,680 in actual damages under the Contract.

59. The damages incurred by Nanophase are a liquidated sum easily ascertainable by computation.

60. Nanophase is entitled to the contract price of $400,680 as a remedy for defendants' failure to pay the price as it became due, pursuant to 810 ILCS 5/2-709, and for pre-judgment interest at the annual percentage rate of five percent (5%) from May 31, 2001, pursuant to 815 ILCS 205/2.

WHEREFORE, plaintiff Nanophase Technologies Corporation respectfully requests this Court to enter judgment against defendant Celox, Ltd. in the amount of $400,680 in compensatory damages incurred by plaintiff as a result of Celox's breach of the Contract plus costs and pre-judgment interest at the annual rate of 5% from May 31, 2001, when payment was due.

NANOPHASE TECHNOLOGIES CORPORATION

Dated: February 8, 2002

By: _____
One of Plaintiff's Attorneys

David L. Weinstein
Samuel S. Cohen
WILDMAN, HARROLD, ALLEN & DIXON
225 West Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 201-2000
DuPage County Attorney # 91500

EXHIBIT A



Celox Ltd
6 Brudenell Road
Canford Cliffs
Poole, Dorset
BH13 7NN
United Kingdom
Tel +44 (0)1202 707517
Fax +44(0)1 202 706477

## PURCHASE ORDER CONTRACT

| | | |
|---|---|---|
| Purchase Order No. | : | 435 |
| Purchase Order date | : | 21st March 2001 |
| Buyer | : | Celox Limited, 6 Brudenell Road, Poole, Dorset. United Kingdom |
| Seller | : | Nanophase Technologies Corporation, 1319 Marquette Drive, Romeoville, Illinois. U.S.A. |
| Commodity | : | NanoTek Cerium dioxide |
| Quantity | : | 1500 Kgs in 25 Kg drums |
| Price | : | US$265.00 per Kg FOB Burr Ridge |
| Shipment Schedule | : | * Shipment before ~~31st December~~ 15TH JULY 2001 |
| Product Specifications | : | As per your issued specifications. A typical sample of 1 Kg to be sent to Celox after manufacture for QC & testing purposes. |
| Shipping Marks | : | To be advised |
| Payment Terms | : | * ~~90~~ 60 days after invoice dated 31st March 2001 |

Nanophase Technologies Corporation (NTC) is to manufacture and hold 1,500 kgs of Cerium Dioxide by March 30, 2001. NTC will ship this product (FOB Burr Ridge) as requested. All product must be shipped from NTC by 31st December 2001. All liabilities associated with the ownership of this material will transfer to Envirox Resources Limited at time of invoicing.

\* AMMENDMENTS DATED. 26TH MARCH 2001

Signed for and on behalf of Celox Limited ............BLMorgan............

Name:

Position:                                                Bryan L Morgan

                                                         Director


Signed for and on behalf of Celox Limited ............[signature]............

Name:

Position:                                                Ron Hazarika

                                                         Director


Copy circulated to Envirox Resources Limited – Mr. Charles Eld & Mr. Mansel Williams

combustion innovation

**EXHIBIT B**

NANOPHASE TECHNOLOGIES CORPORATION
1319 Marquette Drive
Romeoville, IL 60446
Telephone: (630)323-1200 / Fax: (630)323-1221



Invoice Number: 06419
Order Number: 00427

Bill To:
CELOX, LTD.
ACCOUNTS PAYABLE
6 BRUDENELL ROAD
CANFORD CLIFFS
POOLE, DORSET
BH13 7NN  GB

Ship To:
CELOX, LTD.
6 BRUDENELL ROAD
CANFORD CLIFFS
POOLE, DORSET
GB
BH13 7NN

| Quantity | | | Item Key | Description | Unit Price | Total Amount |
|---|---|---|---|---|---|---|
| Ordered | Shipped | B/O | | | | |
| 504.000 | 504.000 | | CE-0300-018-025 | NanoTek Cerium Oxide | | $133,560. |
| 504.000 | 504.000 | | CE-0300-018-025 | NanoTek Cerium Oxide | | $133,560. |
| 504.000 | 504.000 | | CE-0300-018-025 | NanoTek Cerium Oxide | | $133,560. |

FOR ADDITIONAL INFORMATION
SEE ATTACHED CELOX PO# 435
PURCHASE DATE 3/21/01

Subtotal $400,630.
Tax 0.
Shipping & Handling: 30

TOTAL: $400,680

**POSTED**

Please Remit Payment To:
NANOPHASE TECHNOLOGIES CORPORATION
1319 Marquette Drive
Romeoville, IL 60446
(630)771-6701

Comments:

*Thank You For Your Order*

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Nanophase Technologies Corporation, a Delaware corporation

JUDGE RONALD GUZMAN  02C

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   DuPage
(EXCEPT IN U.S. PLAINTIFF CASES)

MAGISTRATE JUDGE KEYS

## DEFENDANTS
Celox Ltd., a company incorporated in England

4340

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David Weinstein, Samuel S. Cohen of Wildman,
Harrold, Allen & Dixon, 225 W. Wacker Drive
Suite 3000, Chicago, IL 60606   312/201-2000

ATTORNEYS (IF KNOWN) L. Andrew Brehm, James L. Komie
Steven P. Pherson of Schuyler, Roche & Zwirner
130 E. Randolph Street, Suite 3800, Chicago,
IL 60601   312/565-2400

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Breach of contract

DOCKETED
JUN 18 2002

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $ 408,680.00
CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number_____, previously dismissed by Judge_____

DATE: June 18, 2002

SIGNATURE OF ATTORNEY OF RECORD
/s/ J. Komie

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS    MAGISTRATE JUDGE KEYS

**02C 4340**

**In the Matter of**

NANOPHASE TECHNOLOGIES CORPORATION, a
Delaware corporation,        Plaintiff
v.
CELOX LTD., a company incorporated in
England,                    Defendant.

**Case Number:**

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**

Defendant, Celox Ltd.

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: L. Andrew Brehm | NAME: James L. Komie |
| FIRM: Schuyler, Roche & Zwirner, P.C. | FIRM: Schuyler, Roche & Zwirner, P.C. |
| STREET ADDRESS: 130 E. Randolph Street, Suite 3800 | STREET ADDRESS: 130 E. Randolph Street, Suite 3800 |
| CITY/STATE/ZIP: Chicago, IL 60601 | CITY/STATE/ZIP: Chicago, IL 60601 |
| TELEPHONE NUMBER: 312/565-2400 | TELEPHONE NUMBER: 312/565-2400 |
| IDENTIFICATION NUMBER: 03124074 | IDENTIFICATION NUMBER: 06198089 |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [X] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [X] NO [ ] |
|  | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |
| **(C)** | **(D)** |
| SIGNATURE | SIGNATURE |
| NAME: Steven P. Pherson | NAME: |
| FIRM: Schuyler, Roche & Zwirner, P.C. | FIRM: |
| STREET ADDRESS: 130 E. Randolph Street, Suite 3800 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60601 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 312/565-2400 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 6225843 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES [ ] NO [X] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [X] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.